**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000754
03-SEP-2015
08:04 AM**

NO. CAAP-14-0000754

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DANIEL GOMEZ-VELASCO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-13-0005656)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)

Defendant-Appellant Daniel Gomez-Velasco appeals from the Notice of Entry of Judgment and/or Order entered on March 20, 2014 in the District Court of the First Circuit, Honolulu Division ("District Court").[1] Gomez-Velasco was convicted of disorderly conduct, a petty misdemeanor, in violation of Hawaii Revised Statutes § 711-1101(1)(b) (Supp. 2012).[2]

---

[1]    The Honorable James S. Kawashima presided.

[2]    The statute states, in relevant part:

>    (1)    A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:
>
>    . . . .
>
>    (b) Makes unreasonable noise; or
>
>    . . . .
>
>    (3)    Disorderly conduct is a petty misdemeanor if it is the defendant's intention to cause substantial harm or serious inconvenience, or if the defendant persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a violation.

Haw. Rev. Stat. § 711-1101 (1993 and Supp. 2012).

On appeal, Gomez-Velasco contends that the District Court erred because the evidence against him was insufficient to prove that (1) the noise from the party was "unreasonable," or that (2) he intentionally caused, or recklessly created a risk of causing, "physical inconvenience or alarm [to] a member or members of the public[.]"  Haw. Rev. Stat. § 711-1101(1).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we resolve Gomez-Velasco's points of error as follows, and affirm:

(1) First, we consider whether the Plaintiff-Appellee State of Hawai‘i proved that the noise was unreasonable.  To do this, we need not consider "whether guilt is established beyond a reasonable doubt," but rather, we determine "whether there was substantial evidence to support the conclusion of the trier of fact."  *State v. Matavale*, 115 Hawai‘i 149, 157-58, 166 P.3d 322, 330-31 (2007).  "'Substantial evidence' . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *Id*. at 158, 166 P.3d 331 (quoting *State v. Batson*, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992) (brackets omitted)).

Under the statute, noise is "unreasonable" within the meaning of subsection (1)(b) if:

> considering the nature and purpose of the person's conduct and the circumstances known to the person, including the nature of the location and the time of the day or night, the person's conduct involves a gross deviation from the standard of conduct that a law-abiding citizen would follow in the same situation; or the failure to heed the admonition of a police officer that the noise is unreasonable and should be stopped or reduced.

Haw. Rev. Stat. § 711-1101(2) (1993).  Here, both Janet Takemoto, the neighbor who telephoned the police to complain about early-morning noise coming from Gomez-Velasco's residence, and Honolulu Police Department Officer Greg Arii, the officer who responded to Takemoto's call, testified to the volume of the noise. Specifically, Takemoto testified that she "was awakened by very loud music . . . it was super loud . . . there was loud laughter, talking, and the music was exceptionally loud . . . blaring."

Similarly, Officer Arii said that he could hear the music more than 100 feet away from Gomez-Velasco's house, and after he began walking toward the residence, he could hear laughter and people talking. It is undisputed that the incident occurred well after midnight in a residential neighborhood. Moreover, Officer Arii testified that he told Gomez-Velasco multiple times to turn the music down because it was too loud, and that if he refused to do so, he would be arrested for disorderly conduct, but that Gomez-Velasco refused to comply.[3] Therefore, there was sufficient evidence to support the District Court's conclusion that Gomez-Velasco made "unreasonable" noise.

(2) Second, Gomez-Velasco contends that the State failed to prove that he either "inten[ded] to cause physical inconvenience or alarm [to] a member or members of the public, or [that he] recklessly creat[ed] a risk thereof[.]" Haw. Rev. Stat. § 711-1101(1). We disagree.

The facts adduced at trial circumstantially prove that Gomez-Velasco acted with the requisite state of mind to uphold his conviction. Indeed, "the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." *State v. Stocker*, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (quoting *State v. Mitsuda*, 86 Hawai'i 37, 44, 947 P.2d 349, 356 (1997)). Here, Officer Arii told Gomez-Velasco that a neighbor had complained about the noise. Furthermore, Gomez-Velasco conceded that on the night of the incident, he and his guests were playing music, his guests "talk[ed] loud" and were drinking alcohol;[4] it was very early in the morning when the noise complaint occurred; and he did not heed Officer Arii's request that the noise be stopped or reduced. Moreover, the

---

[3] Gomez-Velasco does not challenge the District Court's finding that Officer Arii provided him with a reasonable warning, which is necessary to the court's finding that Gomez-Velasco is guilty of a petty misdemeanor. Haw. Rev. Stat. § 711-1101(3). As such, that finding is binding on this court. *See State v. Kiese*, 126 Hawai'i 494, 502, 273 P.3d 1180, 1188 (2012) (citing *Kelly v. 1250 Oceanside Partners*, 111 Hawai'i 205, 227, 140 P.3d 985, 1007 (2006)).

[4] Gomez-Velasco initially denied that anyone was drinking alcohol, but later conceded, upon further questioning, that at least two guests were drinking. Officer Arii also testified that he could smell alcohol on Gomez-Velasco.

evidence at trial established that Gomez-Velasco turned the music back up after one of his guests had complied with Officer Arii's request.

"[A]s trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." *Matavale*, 115 Hawai'i at 158, 166 P.3d at 331 (quoting *Batson*, 73 Haw. at 248-49, 831 P.2d at 931). And when viewing the evidence in the light most favorable to the prosecution as we must, *id.* at 157, 166 P.3d at 330, that evidence was sufficient to support the trial court's inference that Gomez-Velasco's actions were intentional or reckless.

In sum, there was substantial evidence adduced at trial to support the conclusion that Gomez-Velasco acted with the intent to cause, or in reckless disregard of causing, inconvenience or alarm to a member or members of the public, that the noise was unreasonable, and that Gomez-Velasco was given a reasonable warning to desist, thereby committing the petty misdemeanor offense of disorderly conduct. Haw. Rev. Stat. § 711-1101.

THEREFORE, the Notice of Entry of Judgment and/or Order filed on March 20, 2014 in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, September 3, 2015.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4